124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Crisanto TREVINO, Defendant-Appellant.
 No. 96-2948.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 1, 1997.*
Decided July 11, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 90 CR 799; Marvin E. Aspen, Chief Judge.
 Before CUMMINGS, BAUER and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 In November 1990, a jury found defendant Crisanto Trevino guilty of (a) possession of cocaine and heroin in violation of 21 U.S.C. § 841(a)(1); (b) use of a firearm in relation to a drug offense in violation of 18 U.S.C. § 924(c)(1); (c) felon in possession of a firearm in violation of 18 U.S.C. § 922(g); (d) unlawful possession of a firearm without a serial number in violation of 18 U.S.C. § 922(o) and 26 U.S.C. § 5861(I), and finally (e) unlawful possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d).
 
 
 2
 In March 1991, Judge Aspen sentenced defendant to 75 months' imprisonment for his conviction under 21 U.S.C. § 841(a) plus a 30-year mandatory minimum term for his use of a machine gun in relation to his drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1). On the remaining counts he was sentenced to 75 months to be served concurrently with the prison term imposed for the drug offense. In October 1992 we affirmed his conviction in an unpublished order in No. 91-1737 (978 F.2d 1262).[1]
 
 
 3
 After the Supreme Court decided United States v. Bailey, 116 S.Ct. 105, defendant filed a petition under 28 U.S.C. § 2255 challenging his conviction under 18 U.S.C. § 924(c)(1). In May 1996 that conviction was vacated and the case was set for hearing to determine if the original sentence on the other counts should be corrected. In resentencing on May 30, 1996, the court departed upward two levels from the adjusted offense level of 24 to level 26, finding the adjustment appropriate because level 24 did not fully take into account the facts of the case and the seriousness of the defendant's criminal conduct; therefore, the district court increased defendant's sentence from 75 months to 94 months. Defendant's motion to reconsider was denied. We affirm.
 
 Upward departure was proper
 
 4
 Under 18 U.S.C. § 3553(b), district courts may depart from sentencing levels established in the guidelines if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." See also U.S.S.G. § 5K2.O. Also, U.S.S.G. § 2D1.l(b)(1) provides that a drug-trafficking offender receive a two-level adjustment if a dangerous weapon is possessed. However, the guideline takes no account of the number or type of weapons involved. Here the defendant originally possessed six weapons, including a machine gun, the hand grenade and the rifle had the serial numbers removed, several of the handguns were loaded and there was ammunition for the weapons. Shortly after his arrest defendant acquired two more guns, including an automatic assault rifle. Thus aggravating factors were present in excess of the ordinary offense. See U.S.S.G. § 5K2.O.
 
 
 5
 In United States v. Feekes, 929 F.2d 334, 336 (7th Cir.1991), we held that the Commission's failure to include a sentencing factor in a guideline for an offense, while including it in guidelines for others, does not indicate that the factor may not be grounds for departure. The facts here justified an upward departure. See United States v. Ferra, 900 F.2d 1057, 1061-1062 (7th Cir.1990). Defendant's original sentence did not take into account the seriousness of the offenses. Therefore it was appropriate for the district judge to consider the substantial aggravating factors in enhancing the sentence. The final offense level chosen was therefore appropriate.
 
 The extent of the departure was reasonable
 
 6
 Defendant also contends that Judge Aspen improperly based an enhancement of his 1990 offense on the 1996 sentencing guidelines. That is not what Judge Aspen did. He applied the 1989 version of the sentencing guidelines to defendant's offenses since they were committed prior to November 1990 when the 1990 version of the guidelines went into effect. In 1989 the guideline for firearm offense was divided into five subsections, namely, 2K2.1 through 2K2.5. Section 2K2.1 applied to the offenses of which defendant was convicted but did not provide for an adjustment for the number of weapons possessed. However, Section 2K2.2 did so. Rather than retroactively applying the 1996 guidelines, the district judge thus based his departure decision on the fact that the adjusted offense level before upward departure did not adequately consider defendant's crimes; therefore, he referred to a closely analogous guideline--i.e., Section 2K2.2--in deciding the extent of an upward departure that was appropriate in this case. Cf United States v. Senn, 102 F.3d 327, 331-332 (7th Cir.1996). There was no ex post facto violation from the district court's use of guidelines amendments. See United States v. Willey, 985 F.2d 1342, 1350 (7th Cir.1993). In any event, a subsequent amendment may be used as a guide for a departure in sentencing a defendant under an earlier guideline. See United States v. Rainone, 32 F.3d 1203, 1208 (7th Cir.1994), certiorari denied, 115 S.Ct. 2245. The number and kind of weapons in defendant's possession formed a proper ground for upward departure.
 
 
 7
 Judgment affirmed.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 In December 1993, the district court denied his prior petition under 28 U.S.C. § 2255 and on April 28, 1995, we affirmed by unpublished order in No. 94-1335 (53 F.3d 333)